IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. THURMAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **2:23-cv-4013** |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| **MORGAN LOCAL BOARD OF EDUCATION**, *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

Plaintiff brings this action under 28 U.S.C. § 1331, asserting claims under federal law. This matter is now before the Court on Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 18, and on the responsive Plaintiff's Motion for Leave to File First Amended Complaint *Instanter*, ECF No. 28. For the reasons set forth below, the Court grants, in part, Plaintiff's Motion for Leave to File First Amended Complaint *Instanter* and denies as moot Defendants' Motion for Partial Judgment on the Pleadings.

**I. Motion for Leave to Amend: The Proposed Amended Complaint[1]**

Plaintiff is identified in the Proposed Amended Complaint ("Amended Complaint"), ECF No. 30, as a vocational agricultural teacher for the Morgan Local School District ("the District"). (*Id*. at ¶ 9) The named Defendants are the Morgan Local School District Board of Education ("Board of Education") and Kristin Barker, the District Superintendent ("Defendant Barker").[2] (*Id*. at ¶ 2)

---

[1] The parties' memoranda associated with both motions address many of the same issues. The Court has therefore considered all those memoranda in its resolution of Plaintiff's motion for leave to amend the complaint.

[2] The Amended Complaint, ECF No. 30, omits as a Defendant the District, which had been named as a Defendant in the original Complaint. (Complaint, ECF No. 1, ¶ 2)

1

Plaintiff alleges in the Amended Complaint that he suffers from lymphoma and osteoporosis (*Id*. at ¶ 8) and that he took medical leave from August 19, 2020, until June 30, 2021. (*Id* at ¶ 10) In May 2021, Defendants hired a new agriculture teacher who was younger than Plaintiff and who was not disabled. (*Id.* at ¶11). On July 12, 2021, Defendants approved a new job description for Plaintiff's position, which removed his teaching duties. (*Id*. at ¶ 10) When Plaintiff returned to work on July 16, 2021, "his teaching duties were removed and he was given new duties substantially different from the ones he had" and which "involved clerical ones such as tracking the number of hours students spent outside of school in school-related projects, logging work-based hours for students, showing students how to log in their hours, and monitoring students as they logged in their hours." (*Id*. at ¶ 11). His teaching duties were given to the new teacher. (*Id*. at ¶12) In December 2021, Plaintiff asked Defendant Barker for his job duties back, but he received no response. (*Id*. at ¶13) In January 2022, Plaintiff met with the District's human resources manager and treasurer who told him that, in order to return to his teaching duties, he would need to obtain a release from his physician and, possibly, undergo an evaluation by the Board of Education's physician and "bump" one of the other agricultural teachers. (*Id*. at ¶ 14) His physicians "medically cleared" Plaintiff's return to work in February 2022 and an April 2022 medical examination by the Board's physician "confirmed his ability to return to work." (*Id*. at ¶ 16) However, in May 2022, Plaintiff was told by his principal that Plaintiff would not be returned to his teaching duties (*id*. at ¶16); in June 2022, the principal reaffirmed that position and Defendant Barker supported that decision. (*Id*. at ¶17) Plaintiff filed a charge with the Ohio Civil Rights Commission ("OCRC") on August 9, 2022. (*Id*. at ¶18) On August 14, 2023, Defendants cut Plaintiff's pay "by reducing his extended teaching days," (*id*. at ¶19), and at some point, Plaintiff was given additional job duties, such as driving a bus, without additional pay. (*Id*.

2

at ¶ 20). Plaintiff was placed on administrative leave in May 2024 for allegedly violating testing protocols and leaving students unsupervised. (*Id*. at ¶ 21)

The Amended Complaint asserts claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (Claims 1 and 2), disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*. (Claims 3 and 4), disability discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq*. (Claims 5 and 6), and violation of Plaintiff's constitutional rights by Defendant Barker in violation of 42 U.S.C. § 1983 (Claim 7). Plaintiff seeks monetary damages, including punitive damages, as well as equitable relief.[3]

## II. Motion for Leave to Amend: Standard

Once a responsive motion has been filed, a plaintiff may file an amended complaint only with the opposing parties' consent or with leave of court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the rule "directs courts to 'freely give leave when justice so requires,'" the rule embodies a 'liberal amendment policy.'" *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2000)). However, denial of leave to amend may be appropriate where the pleading, as amended, would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amended complaint must include facts sufficient to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506,

---

[3] Defendants' motion for partial judgment on the pleadings addressed all claims in the original Complaint except Plaintiff's claims under the Rehabilitation Act as presented in Claims 6 and 7.

3

509 (6th Cir. 2014). Moreover, while a district court must accept all well-pleaded facts as true, it need not accept mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### III.  Analysis

Defendants do not challenge the sufficiency of the claims arising under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, Claims 5 and 6 of the Amended Complaint, but Defendants do challenge the sufficiency of all other claims asserted in the Amended Complaint, as well as Plaintiff's claim for punitive damages. (Memo. in Opposition to Motion for Leave to File Amended Complaint, ECF No. 31) The Court will therefore address each set of challenged claims.

#### A.  Discrimination Claims under the ADEA and the ADA (Claims 1 and 3)

Before an Ohio plaintiff can pursue claims of age and disability discrimination under the ADEA and the ADA, he must have first presented those claims in an administrative charge to either the Equal Employment Opportunity Commission or the OCRC. 29 U.S.C. § 626(d) (incorporating TitleVII's limitations period, 42 U.S.C. § 2000(e)-5(e)); 42 U.S.C. § 12117(a) (same) ; *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001); *McGee v. Disney Store*, 53 Fed. Appx. 751, 752 (6th Cir. 2002); *Buckner v. Montgomery County Jobs and Family Services Div.*, 2012 WL 786948 (S.D. Ohio Mar. 9, 2012) (and cases cited therein). In Ohio, a discrimination charge under the ADEA and the ADA must be presented to the OCRC no later than 300 days after the alleged discriminatory act. *Amini*, 259 F.3d at 498. Under federal law, a statute of limitations begins to run when the plaintiff knew or reasonably should have known of the injury that forms the basis of his claims. *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

The Amended Complaint alleges that, when Plaintiff returned to work from medical leave on July 16, 2021, "his teaching duties were removed and he was given new duties substantially different from the ones he had" and which "involved clerical ones such as tracking the number of hours students spent outside of school in school-related projects, logging work-based hours for students, showing students how to log in their hours, and monitoring students as they logged in their hours." (*Id.* at ¶ 11). Thus, the removal of Plaintiff's teaching duties on July 16, 2021, should have been the subject of a charge to the OCRC filed no later than May 10, 2022. The Amended Complaint alleges that Plaintiff filed a charge with the OCRC on August 9, 2022. (*Id.* at ¶18; *see also* Exhibit A, attached to Plaintiff's Memo. contra Defendants' Motion for Judgment on the Pleadings, ECF No. 24) Defendants argue that the May 10, 2021, hire of a new teacher, the July 12, 2021, revised description of Plaintiff's job duties, and the July 16, 2021, removal of Plaintiff's teaching duties are therefore untimely and cannot be pursued by Plaintiff as independent claims.

Plaintiff does not argue that his August 9, 2022, charge was filed within 300 days after his return to work and the removal of his teaching duties on July 16, 2021; rather Plaintiff takes the position that the adverse employment action on which his claims under the ADEA and the ADA are based did not actually occur until, at the earliest, he was advised by the principal in May 2022 that Plaintiff would not be returned to his teaching duties:

> As of the date cited in Defendants' Motion, July 16, 2021, the Plaintiff had not been notified that he was being permanently removed from his teaching position or that his teaching duties were being permanently removed. Defendants have the burden in prevailing on a motion for judgment on the pleadings and they have presented no evidence in this regard. Even though a new agriculture teacher was hired, and the Plaintiff was aware of this, Mr. Thurman was not aware of any requirement that there be only two agriculture teachers during the teaching semester. Further, he was not told that the decision to remove his teaching duties was permanent. He was never told how long he would be performing the new clerical duties and he could have assumed that this assignment was temporary. In

5

> December 2021, he asked the Superintendent for his job duties back. Further, there was some indication that Defendant Board of Education/District was going to hire a third agriculture teacher in order to start an agriculture department in the junior high school. Moreover, on January 7, 2022, after the Plaintiff requested his job duties back, he was told in a meeting with Human Resources Manager C.J. Wilson that in order to return to his agriculture teaching duties that he needed to obtain a release from his physician stating that he could return to those duties, that there would possibly be an evaluation by the District's physician as well and once these criteria were met, he could bump one of the other agriculture teachers. Thus, at that time, he still had no reason to believe that there was an injury necessitating the filing of a Charge of Discrimination.

(Plaintiff's Memo. contra Defendants' Motion for Judgment on the Pleadings, ECF No. 24, PageID# 70; *see also* Plaintiff's Reply Memo. in Support of Motion for Leave to File Amended Complaint, ECF No. 32. PageID# 152 ("Thus, it is plausible that the ultimate decision removing Plaintiff Thurman from his job duties was either on May 26, 2022 when Principal Barrett told him that he would not be returning to his duties or in June 2022 when the principal reiterated the decision and the Superintendent indicated her assent to that decision.")) This Court disagrees.

The United States Supreme Court has held that a "discrete discriminatory act" occurs "on the day that it 'happened,'" and that a party must file a charge within 300 days "of the date of the act or lose the ability to recover for it." *National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002). Plaintiff's description of actions taken by him or by District officials after December 16, 2021, are descriptions—not of new and separate adverse employment actions—but rather of efforts to resolve his disagreement with the removal of his teaching duties on July 16, 2021. This Court rejects Plaintiff's contention that the alleged removal of his teaching duties did not actually occur until months later, after his informal efforts to have those duties restored had been exhausted. The Court similarly rejects Plaintiff's argument that the removal of his teaching duties constituted a continuing violation, extending through his various meetings with District employees until June 2022. (Plaintiff's Memo. contra Defendants' Motion for Judgment on the

Pleadings, ECF No. 24, PageID# 72) *See Sharpe v. Cureton,* 319 F.3d 259, 267 (6th Cir. 2003) (Holding that a continuing violation is a continuous, ongoing series of discriminatory behavior and involves "unlawful employment practices that cannot be said to occur on any particular day, but occur over a series of days or years."). And although Plaintiff does not expressly claim entitlement to equitable tolling of this limitation, such a claim would in any event be futile. *See Amini*, 259 F.3d at 501 (Holding that Amini's actions of regularly visiting Oberlin's website and physically visiting the campus to determine who filled the position he applied for did not demonstrate diligence sufficient to justify equitable tolling).

This Court therefore concludes that Plaintiff's August 9, 2022, charge to the OCRC and based on the removal of his teaching duties on July 16, 2021, was untimely. To the extent that the Amended Complaint asserts claims under the ADEA and the ADA based on that employment action, those claims are futile and Plaintiff's motion to amend the complaint is, to that extent, without merit.

   B. <u>Retaliation Claims under the ADEA and the ADA (Claims 2 and 4)</u>

As noted above, claims under the ADEA and the ADA must be the subject of a timely administrative charge before they can be the subject of litigation. *Morgan*, 536 U.S. 101; *Amini,* 259 F.3d 493; *McGee* 53 Fed. Appx. 751. This includes claims of retaliation in violation of those statutes. *Reddy v. JPMorgan Chase Bank, N.A.*, 2010 WL 3447629, *7 (S.D. Ohio Aug. 30, 2010). However, age and disability retaliation alleged to have occurred in response to the filing of an administrative charge, or in response to litigation, need not be the subject of a new administrative charge*. Johnson v. Cleveland City School Dist*., 344 Fed. Appx. 104. 109 (6th Cir. 2009) (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)

("Where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.")).

Plaintiff's charge before the OCRC did not include a claim of retaliation. (Exhibit A, attached to Plaintiff's Memo. contra Defendants' Motion for Judgment on the Pleadings, ECF No. 24). However, the Amended Complaint appears to assert claims of retaliation arising out of only actions allegedly taken after the filing of his charge of age and disability discrimination or after the commencement of this action. (Amended Complaint, ECF No. 30, ¶ 31 ("Defendants engaged in adverse employment against the Plaintiff including, but not limited to, reducing the Plaintiff's salary, refusing to return him fully to his teaching duties, putting him on administrative leave, and forcing him to drive the bus without pay."), ¶ 49 (same); Plaintiff's Reply Memo. in Support of Motion for Leave to Amend Complait, ECF No. 32, PageID# 153 ("Plaintiff has asserted actions taken subsequent to the filing of his lawsuit that [are] retaliatory.")) Because these claims are not untimely or barred by a failure to exhaust, the motion to amend is meritorious as it relates to Claims 2 and 4.

C. Claim under 42 U.S.C. § 1983 (Claim 7)

The Amended Complaint asserts a claim under 42 U.S.C. § 1983, alleging that Defendant Barker "removed the Plaintiff's teaching duties and gave them to a younger, non-disabled employee, reduced the Plaintiff's salary and refused to return him fully to his teaching duties." (Amended Complaint, ECF No. 30, ¶ 72) The Amended Complaint also alleges that these actions were willful and wanton and taken with malice and ill will toward Plaintiff and deprived Plaintiff of his rights under the substantive and procedural guarantees of the Due Process Clause of the Fourteenth Amendment[4] and under the Fourteenth Amendment's Equal Protection and Privileges

---

[4] The Due Process Clause of the Fourteenth Amendment contains both a substantive component and a procedural component. Substantive due process protects individuals from government conduct that "shocks the

8

and Immunities Clauses.[5] (Amended Complaint, ECF No. 30, ¶¶ 72-77) Defendants do not dispute Plaintiff's right to continued teaching duties, nor do they argue that the alleged removal of those duties constituted a deprivation of a protected right; rather, Defendants argue that Plaintiff's § 1983 claim against Defendant Superintendent Barker is untimely. This Court agrees.

Claims under § 1983 brought in Ohio must be asserted within two (2) years of the actions upon which the claims are based. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Boyer v. Clinton Cty. Sheriff's Office*, 645 F.Supp.3d 815, 820-21 (S.D. Ohio 2022). This action was filed on December 4, 2023. (Complaint, ECF No. 1). Thus, claims based on actions that allegedly occurred prior to December 4, 2021, are untimely.

In pursuing this claim, Plaintiff argues that "the ultimate decision removing Plaintiff Thurman from his job duties was either on May 26, 2022 when Principal Barrett told him that he would not be returning to his duties or in June 2022 when the Principal reiterated the decision and the Superintendent indicated her assent to that decision." (Plaintiff's Reply Memo. in Support of Motion for Leave to File Amended Complaint, ECF No. 32, PageID# 151) As already explained by this Court, however, the removal of Plaintiff's teaching duties occurred no later than July 16, 2021. Even if Defendant Barker participated in that decision, which Plaintiff does not allege, that decision cannot constitute the basis of an untimely claim against Defendant Barker under § 1983. Moreover, it must be remembered that it is the *deprivation* of a constitutionally-protected interest that is the basis of a Due Process claim. The alleged later

---

conscience," *Rochin v. California*, 342 U.S. 165- 172 (1952), and procedural due process ordinarily requires that, when a governmental entity seeks to terminate a protected interest, it must afford notice and meaningful opportunity for hearing. *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

[5] Plaintiff's allegations of violation of the Equal Protection and Privileges and Immunities Clauses, even read liberally, are wholly conclusory and supported by no factual allegations whatsoever. Indeed, Plaintiff does not appear to defend or elaborate on these claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (Holding that a court need not accept mere legal conclusions).

failure to remedy that deprivation through the restoration of Plaintiff's teaching duties in May and June 2022 will not serve to revive Plaintiff's untimely claim. *See Olin v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.")

Under these circumstances, the Court concludes that the Amended Complaint fails to state a timely claim for relief against Defendant Barker.

### D. Claim for Punitive Damages

In addition to equitable relief, the Amended Complaint seeks an award of damages, including punitive damages. (Amended Complaint, ECF No. 30, PageID#140) Punitive damages are not available under the ADEA, *Siegel v. Inverness Med. Innovations, Inc.*, 1:09-cv-01791, 2010 WL 1957464, * 6 (N.D. Ohio May 14, 2010), or under the ADA, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). However, punitive damages may be awarded, if otherwise appropriate, under § 1983 against a governmental employee in his or her individual capacity. *See, e.g., Gibson v. Moskowitz*, 523 F. 3d 657, 664 (6th Cir. 2008). Plaintiff acknowledges that he is not entitled to an award of punitive damages under the ADEA or the ADA or under § 1983 against the Board of Education, (Plaintiff's Memo. contra Defendants' Motion for Judgment on the Pleadings, ECF No. 24, PageID# 75), but he argues that, in light of his allegation that Defendant Barker acted with "malice, ill will and willful and wanton conduct toward Plaintiff," his claim for punitive damages should not be dismissed "until full discovery has occurred". (Plaintiff's Reply Memo. in Support of Motion for Leave to File Amended Complaint, ECF No. 32, PageID# 154) This Court disagrees.

The single claim in the Amended Complaint against Defendant Barker, *i.e.*, the claim under 42 U.S.C. § 1983 in Claim 7, will not, for the reasons already explained by this Court, be

10

permitted to proceed. This action does not, therefore, present a claim that can form the basis for punitive damages. To the extent that the Amended Complaint asserts a claim for punitive damages, the motion for leave to amend is without merit.

### IV. Conclusion

In sum, Plaintiff's Motion for Leave to File First Amended Complaint *Instanter*, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART as follows:** Plaintiff's claims of age and disability discrimination, as asserted in Claims 1 and 3 of the Amended Complaint, ECF No. 30, cannot proceed; Claims 2 and 4 of the Amended Complaint, which allege retaliation arising out of actions taken after the filing of his charge of age and disability discrimination or after the commencement of this action, may proceed; Claims 5 and 6 of the Amended Complaint, which assert claims under the Rehabilitation Act, may proceed; Claim 7 of the Amended Complaint, which asserts a claim against Defendant Barker under 42 U.S.C. § 1983, cannot proceed and Defendant Barker is **DISMISSED** from this action; and Plaintiff's claim in the Amended Complaint for punitive damages cannot proceed.

Defendants' Motion for Partial Judgment on the Pleadings, ECF No. 18, which addresses only the sufficiency of the original Complaint, ECF No. 1, is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 20, 2025**