**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT L. THURMAN** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:23-cv-4013** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **MORGAN LOCAL BOARD** | : | **Magistrate Judge Kimberly A. Jolson** |
| **OF EDUCATION,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**<u>OPINION AND ORDER</u>**

Plaintiff Robert L. Thurman was a vocational agricultural teacher for the Morgan Local School District, and he brings claims against Defendant Morgan Local Board of Education[1] for retaliation after he filed for age and disability discrimination, and for claims under the Rehabilitation Act. (*See* ECF No. 53 at 1–3, 11). On April 3, 2025, Defendant moved for summary judgment. That Motion for Summary Judgment (ECF No. 55) is fully briefed and ripe for review.

In November 2025, however, the parties advised that they were conducting settlement talks and anticipated dismissing the case in December. December came and went with no update, and in February, this Court ordered the parties to provide a case update. (ECF No. 66). In response, Plaintiff's counsel requested a status conference, which was held telephonically on March 4, 2026. (ECF Nos. 67 at 1; 68). At the conference, the parties detailed their impasse at finalizing their settlement agreement, and this Court ordered further exchange of proposed settlement language and scheduled another telephonic status conference for March 23.

---

[1] Plaintiff also sought to bring a claim against Morgan Local School District Superintendent Kristin Barker, but Barker was dismissed from this action in March 2025. (ECF No. 53 at 1, 11).

1

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants," and "should not raise barriers which prevent the achievement of that end." *Maty v. Grasseli Chem. Co.*, 303 U.S. 197, 200–01 (1938). The same can be said of dispositive motions, like the instant Motion for Summary Judgment. Although "[i]t is routine for parties to ask that a case be stayed pending . . . settlement discussions," which courts can normally grant at their discretion, *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 751 (6th Cir. 2023), the parties in this case did not request a stay pending settlement discussions.

Judicial economy would not be served by resolution of the pending Motion for Summary Judgment while the parties are still progressing towards a possible settlement. *See O'Connor v. Chippewa Cnty.*, 2023 WL 3604171, at *2 (W.D. Mich. Apr. 28, 2023). Given that "the parties currently are engaged in efforts to resolve the remainder of the action," Defendant's "motion for summary judgment shall be denied without prejudice to renewal." *Ctr. for Env't Health v. Wheeler*, 2022 WL 976975, at *2 (N.D. Cal. Mar. 31, 2022); *see In re Flint Water Cases*, 2021 WL 1149917, at *2 n.5 (E.D. Mich. Mar. 24, 2021) (denying without prejudice a motion to dismiss pending settlement).

Defendant's Motion for Summary Judgment (ECF No. 55) is **DENIED without prejudice to its renewal**. The parties shall attend the status conference scheduled for March 23, 2026 at 10:00 a.m. and inform this Court of their progress. If at any time the anticipated settlement is not realized, the parties **SHALL** promptly file a notice to that effect. (*Cf.* ECF No. 67). Defendant may refile its Motion for Summary Judgment within thirty days of such notice.

    **IT IS SO ORDERED.**

                                    **ALGENON L. MARBLEY**
                                    **UNITED STATES DISTRICT JUDGE**

**DATED:  March 16, 2026**

2